IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00450-MSK-CBS

SKYWI, INC.

    Plaintiff,

v.

QWEST CORPORATION,
a Colorado corporation,

    Defendant.

---

## PROTECTIVE ORDER

---

The Parties submit this Protective Order under which certain discovery may be accomplished. Upon showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED THAT:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. Rule 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. "Confidential Information," as used herein, means internal reports, financial

information, reserve reports and valuations, trade secrets, or any other confidential information ordered by the Court to be produced subject to protective order in discovery in this case, provided such information is designated as "CONFIDENTIAL" by any of the supplying entities or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.  In designating information as "CONFIDENTIAL," a party will make such designation only as to that information which it in good faith believes contains confidential information.  The parties agree to exercise good judgment in designating material as "CONFIDENTIAL" and recognize that designating information as "CONFIDENTIAL" renders discovery generally more difficult for all parties.

4. All Confidential Information produced or exchanged in the course of this lawsuit shall be used solely for the purpose of preparation and trial of this case, and shall not be used for any business, commercial, competitive, or any other purposes whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

5. Documents, materials, and/or information designated as Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to Qualified Persons as defined below.

6. "Qualified Persons," who shall have access to Confidential Information, are defined as follows:

   a. Actual, retained consulting or testifying expert witnesses (to the extent such disclosure is necessary for consultation, preparation of opinions, trial, or other proceedings in this case) designated by written notice to all counsel at least ten days prior to any disclosure

    to them and who have agreed to be bound by this Order and who have signed the document (Exhibit "A") attached hereto;

b. Attorneys of record for a party and the attorneys and employees of their respective law firms, and the attorneys and employees of associated law firms, who are actively engaged in representation in this case, and it is understood that plaintiff's and defendant's companies are not law firms for the purposes of this Order;

c. In-house corporate officers and employees of SkyWi, Inc. ("SkyWi") and Qwest Corporation ("Qwest") who have signed the document (Exhibit "A") attached hereto;

d. Former employees of SkyWi or Qwest or its predecessors or affiliates or subsidiaries who are being deposed or otherwise giving testimony in this case. As to these former employees, Counsel for SkyWi and Qwest shall make reasonable effort, within a reasonable time prior to said former-employee's deposition, to request that the deponent agree to be bound by this Order and to sign Exhibit A;

e. Court personnel as necessary, provided that the Confidential Information may be presented by any party to the Court only in camera or filed under seal;

f. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g. Professional translators as necessary to translate any foreign language based on Confidential Information into the English language, but only after such translators have been designated by written notice to all counsel at least ten days prior to any disclosure

    to them and who have agreed to be bound by this Order and who have signed a copy of Exhibit A attached hereto, which signed document will be immediately forwarded to all counsel. Translators shall promptly return all Confidential Information provided to them promptly after translation.

  h. Any other person may be designated as a Qualified Person only by order of this Court, after notice to all parties and an opportunity to be heard, or by agreement signed by counsel for all parties; and

  1. Any copy or reproduction of Confidential Information shall be subject to the provisions of this Order.

  2. Documents produced pursuant to this Order in this action may be designated by the producing party "Confidential Information" by marking the first page of the document(s) or media containing the information so designated with a stamp stating "CONFIDENTIAL" in a manner that will not interfere with legibility. In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection. Inspected documents shall be treated as confidential during inspection. In the case of native electronic files, which should not be electronically stamped or marked, the parties may designate such files as "Confidential Information" by adding to the front of the file name the Bates Number followed by the word "CONFIDENTIAL".

  3. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof may be designated as "CONFIDENTIAL" and if so designated shall be subject to the provisions of this Protective Order. Such designation shall be made on the record

during the deposition whenever possible, but a party may designate portions of depositions as "CONFIDENTIAL" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

4. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the information. A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within thirty (30) business days after the time the notice is received, it shall be the obligation of the objecting party to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed, the disputed information shall be treated as "CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party wishing to designate the information as Confidential Information shall bear the burden of establishing that good cause exists for treating the information as Confidential Information.

5. Responses to written discovery may be designated "CONFIDENTIAL" by so labeling each response.

6. Nothing herein shall prevent disclosure of Confidential Information beyond the terms of this Order if each entity so designating the information consents in writing to such disclosure or, if the Court, after notice to all affected parties, orders such disclosure. This Agreed Protective Order

shall not prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any Qualified Person. Confidential Information shall not be revealed in any deposition in which the witness is not a Qualified Person.

7. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity to be heard.

8. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to Confidential Information shall be subject to the provisions of this Order. If any party desires to offer Confidential Information into evidence or to attach it to any pleading or to file it or otherwise present it to the Court, it shall provide at least three (3) days advance notice to the producing party. If the producing party so requests or the three (3) days notice is not provided, the Confidential Information shall be filed or presented to the Court under seal pursuant to this Order and Fed. R. Civ. P. Rule 26 (c)(8).

9. A party that inadvertently fails to designate Confidential Information at the time of its production shall have thirty days thereafter in which to correct its failure, or for good cause shown after the expiration of the thirty days. Such correction, and notice thereof, shall be made in writing, accompanied by substitute copies of each affected item, designated as described above. The receiving party shall not be held responsible for any disclosure of such information prior to receiving the notice of correction from the designating party.

10. This Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information, provided however, that if any party discloses its own Confidential Information to a governmental authority or third party without an expectation of confidentiality

based on law or written agreement, said information shall no longer be deemed Confidential Information for purposes of this Protective Order.

11.     Nothing in this Protective Order shall bar or otherwise restrict any attorney receiving Confidential Information from rendering advice to the attorney's client with respect to this action and, in the course thereof, from relying upon an examination of Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with the client, the attorney shall not disclose any Confidential Information, nor the source of any Confidential Information, to anyone not authorized to receive such Confidential Information pursuant to the terms of this Protective Order.

12.     If a party inadvertently discloses information that is privileged or otherwise immune from discovery, the party shall promptly upon reasonable discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. The receiving party will return such inadvertently produced item or items of information and all copies thereof within ten days of receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter seek production of any such documents, provided that the party seeking discovery may not assert waiver as a basis for production where the production was inadvertent.

13.     Within sixty (60) days after conclusion of this litigation, including any appeal thereof, all documents (including all copies, notes, reports, reproductions, or any tangible or electronic materials or media which contain Confidential Information) including Confidential Information

produced by any party hereto shall be returned to counsel for the producing party, except to the extent that the producing party agrees otherwise in writing or as this Court may otherwise order. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective order.

14. Any party designating any person as a Qualified Person shall have the duty to ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for failure of any such person to observe the terms of this Protective Order.

15. Information previously produced by and between the parties in this litigation is subject to the terms and conditions hereof.

16. The purpose of this Order is not to restrict the parties' access to discoverable information, but rather to protect against unnecessary disclosure of confidential and proprietary information and to protect the privacy of the parties, individuals and entities disclosing Confidential Information.

17. The parties hereto and their Qualified Persons are not permitted to produce or reveal any information designated as Confidential Information in discovery in any other case.

18. The provisions of this Order shall survive and remain in full force and effect after entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation.

19. Any breach of this Order, including any misuse of Confidential Information, improper dissemination of Confidential Information, or copying or reproducing of Confidential Information by the receiving party or its Qualified Persons, shall be a contempt of Court and the breaching party shall be liable to the producing party for damages and sanctions and may be held in contempt.

DATED at Denver, Colorado, this 20th day of April, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

AGREED TO FORM:

PATTON BOGGS LLP

BROWNSTEIN HYATT FARBER SCHRECK LLP

By: s/ Robert P. Thibault
   Robert P. Thibault, Esq.
   Maxine S. Vasil, Esq.
   Patton Boggs LLP
   1801 California Street, Ste. 4900
   Denver, CO 80202
   Telephone: (303) 830-1776
   Facsimile: (303) 894-9239
   E-mail: rthibault@pattonboggs.com

By: s/ Andrew M. Sanchez, Sr.

By: s/ Peter J. Korneffel, Jr.
   Peter J. Korneffel, Jr., Esq.
   Kathryn Rothman, Esq.
   Brownstein Hyatt Farber Schreck LLP
   410 17th Street, Suite 2200
   Denver, CO 80202

**ATTORNEYS FOR DEFENDANT QWEST CORP.**

      Andrew M. Sanchez, Sr., Esq.
      Cuddy & McCarthy, LLP
      7770 Jefferson N.E., Suite 305
      Albuquerque, NM  87109
      Email: asanchez@cuddymccarthy.com

By:<u>s/ Patricia Salazar Ives</u>
      Patricia Salazar Ives, Esq.
      Cuddy & McCarthy, LLP
      1701 Old Pecos Trail
      P.O. Box 4160
      Santa Fe, NM  87501-4160
      Email: pives@cuddymccarthy.com

   **ATTORNEYS FOR PLAINTIFF**
    **SKYWI, INC.**

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CIVIL ACTION NO. 09-CV-00450-MSK-CBS
SKYWI, INC.

      Plaintiff,

v.

QWEST CORPORATION,
a Colorado corporation,

      Defendant.

**CERTIFICATE OF CONFIDENTIALITY**

I hereby acknowledge that I am about to have access to Confidential Information designated as "CONFIDENTIAL" supplied in connection with the captioned litigation. I have received and read a copy of the Agreed Protective Order in this case dated April __, 2009, and I agree to be bound by the Agreed Protective Order and not to disclose this information except in accordance with the Agreed Protective Order.

Dated:                                   Signed:
                                          Name:
                                          Title:
                                          Company: